UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO.   1:11 CR 576 |
| | ) | 1:16 CV 1552 |
| | ) | |
| Plaintiff-Respondent, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Gabriel Barnett, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant-Petitioner. | ) | |

This matter is before the Court upon Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 53). For the reasons that follow, the motion is DENIED.

**FACTS**

On December 8, 2011, a federal grand jury charged Petitioner Gabriel Barnett with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). On May 17, 2012, the government filed an Information setting forth Petitioner's three prior state convictions that it contended qualified as predicate "violent felony" offenses under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e): two domestic violence convictions and an

assault on a peace officer.

On June 5, 2012, Petitioner pled guilty to the indictment without a plea agreement. Petitioner's presentence investigation report recommended the ACCA enhancement, which mandates a minimum sentence of 15 years in prison. Petitioner objected to the enhancement, arguing, in part, that his domestic violence charges under Ohio Rev. Code § 2919.25 did not qualify as "violent felonies" under the Act.

This Court found that the domestic violence charges qualified as ACCA predicate offenses and sentenced Petitioner to a 180-month term of incarceration, followed by five years of supervised release and a $100 special assessment. Petitioner filed a timely notice of appeal, arguing that his domestic violence convictions should not have counted as ACCA predicate offenses. The Sixth Circuit denied Petitioner's appeal. *United States v. Barnett*, 540 Fed. App'x 532 (6th Cir. 2013).

On March 18, 2015, Barnett filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 47). This Court denied the motion on April 22, 2015, and Petitioner did not appeal. On June 21, 2016, Petitioner, through counsel, filed another § 2255 motion. The Government thereafter moved to have the motion transferred to the Sixth Circuit as a second or successive motion. This Court transferred this matter to the Sixth Circuit, which granted Petitioner's motion for an order authorizing this Court to consider a second or successive § 2255 motion. Thus, Petitioner's motion is now before the Court. The Government opposes the motion.

**ANALYSIS**

A federal prisoner may challenge a sentence if it "was imposed in violation of the

Constitution or laws of the United States ... or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To prevail on a § 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). The petitioner has the burden of "sustaining [his] contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner challenges his ACCA sentence enhancement under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague.[1] Petitioner asserts that all of his prior state court convictions were counted under the residual clause and that none (including both domestic violence convictions and the assault on a peace officer conviction) remain qualifying offenses. The Government argues that all three offenses are valid as ACCA predicate offenses under the "elements" clause of 18 U.S.C. § 924(e)(2)(B)(i). Under this clause, a past conviction is a "violent felony" if it requires "as an element the use, attempted use, or threatened use of physical force."[2] The Government is correct.

---

[1] The residual clause states that any conviction that "otherwise involves conduct that presents a serious potential risk of physical injury" qualifies as a "violent felony." 18 U.S.C. § 924(e)(2)(B).

[2] On Petitioner's direct appeal, Judge Clay, writing for the majority, concluded that Petitioner's domestic violence offenses constituted violent felonies under the elements clause. *Barnett*, 540 Fed. Appx. at 537 (stating that the Sixth Circuit's earlier decision in *United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012), "compel[led] the conclusion that" Petitioner's domestic violence convictions were violent felonies under the elements clause). Judge White wrote a concurring opinion stating that the domestic violence offenses were only violent felonies

3

Petitioner's domestic violence convictions were under Ohio Rev. Code § 2919.25(A). *See Barnett*, 540 Fed. Appx. at 536-37 (applying modified categorical approach to determine that Petitioner pleaded guilty to § 2919.25(A)). This statute makes it unlawful to "knowingly cause or attempt to cause physical harm to a family or household member." The Sixth Circuit has held that this provision meets the definition of a violent felony under the ACCA's elements clause:

> Gatson's domestic-violence convictions establish that he 'knowingly caused, or attempted to cause, physical harm to a family or household member.' Ohio Rev. Code § 2919.25(A). (Once again, the indictments tell us these convictions were for felonies instead of misdemeanors, because Gatson had two or more prior domestic-violence convictions.) Here, the key term is 'physical harm,' which Ohio defines as 'any injury, illness, or other physiological impairment, regardless of its gravity or duration.' Ohio Rev. Code § 2901.01(A)(3). Force that causes any of those things is (to some extent, by definition) force 'capable of causing physical injury or pain to another person.'" *Johnson*, 559 U.S. at 140, 130 S. Ct. 1265. That means Gatson's domestic-violence convictions are violent felonies within the meaning of § 924(e).

*U.S. v. Gatson*, 776 F.3d 405, 410-11 (6th Cir. 2015). Moreover, Petitioner's argument that his domestic violence convictions cannot be valid predicate offenses because they were originally misdemeanors and only became felonies by virtue of a recidivism enhancement under Ohio law is not well-taken. The Sixth Circuit rejected this argument on Petitioner's direct appeal. *Barnett*, 540 Fed. Appx. at 535-36. Moreover, as the portion of *Gatson* quoted above makes clear, the defendant's domestic violence convictions in that case were for felonies because of the recidivism enhancement. This did not affect the court's conclusion that the felonies were valid

---

under the residual clause, not the elements clause. Judge Moore also wrote a concurring opinion stating that she "subscribe[d] to the analysis set forth in Judge White's concurring opinion" but that she "join[ed] the majority opinion" because she believed the panel was bound by *Anderson*. Thus, on direct appeal, the Sixth Circuit majority concluded that the domestic violence convictions are valid predicate offenses under the elements clause.

predicate offenses under the ACCA.

The Sixth Circuit's decision in *State v. Evans*, 699 F.3d 858, 863 (6th Cir. 2012), forecloses Petitioner's argument that his conviction under Ohio Rev. Code § 2903.13(A) for assaulting a peace officer is not a violent felony under the ACCA. This statute makes it a crime to "knowingly cause or attempt to cause physical harm to another." The crime is a felony if the victim of the offense is a peace officer. Ohio Rev. Code § 2903.13(C)(5). In *Evans*, the court analyzed whether a conviction for assaulting a police officer was a "crime of violence" for purposes of § 4B1.2(a)(1) of the Sentencing Guidelines, which is interpreted identically to "violent felony" under the ACCA. The court stated:

> One can knowingly cause or attempt to cause physical harm–*i.e.,* physical injury–to another only by knowingly using or attempting to use physical force–*i.e.*, force capable of causing physical injury. Conviction under the Ohio statute, § 2903.13(A), therefore, necessarily requires proof that a defendant knowingly used, or attempted to use, physical force capable of causing physical pain or injury and, accordingly, qualifies as a crime of violence under § 4B1.2(a)(1).

*Evans*, 699 F.3d at 863. Several years later, in *U.S. v. Price*, 559 Fed. Appx. 496, 498-99 (6th Cir. 2014), the Sixth Circuit, relying on *Evans*, held that a conviction for assaulting a police officer in violation of Ohio Rev. Code § 2903.13(A) is a violent felony for purposes of the ACCA.

**CONCLUSION**

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 53) is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                         /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Judge

Dated: 1/30/17